**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jack LYNOTT, Defendant-Appellant.**

**Nos. 71–3370, 71–3371.**

United States Court of Appeals,
Fifth Circuit.

Oct. 20, 1972.

Before TUTTLE, BELL and AINSWORTH, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1,2]

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

2. In order that a record may be made as to the errors which we have considered on the appeal of these two cases, we consider it appropriate to list them here:
    Lack of fairness in the proceedings, including inordinate participation by the trial court in the conduct of the hearing.
    Failure of the trial court to grant defense motions for a continuance and for psychiatric examination of the defendant.
    The introduction of evidence of the commission of unrelated offenses—offenses which occurred following the arraignment of the appellant on the first of these two cases.
    The failure of the government to prove the existence of the bond in the bond-jumping case.

Failure of the government to prove the wilfulness of Lynott's failure to appear at the time he was charged with jumping the bond.

The refusal of the trial court to exclude Deputy Clerk Griffiths as a witness after he had sat through the trial in the courtroom, in which he was later called to testify.

A general criticism of the court's permitting Deputy Clerk Griffiths to testify because of the "undue influence" his testimony would have on the jury.

The failure of the trial court to rule out evidence of other unrelated offenses because of the apparent prejudice that would result to the defendant, claimed to outweigh the need to permit the government to prove wilfulness in this manner.

The failure of the government to prove that the automobile was ever stolen.